UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE FARAGE,

               Plaintiff,

     v.                                        Case No. 24-cv-983-bhl

DR. MURPHY, et al.,

               Defendants.

## SCREENING ORDER

      Plaintiff Kyle Farage, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Farage's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Farage has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Farage has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $55.51. The Court will grant Farage's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Farage is an inmate at the Oshkosh Correctional Institution. Dkt. No. 1, ¶1. Defendants are Dr. Murphy, Health Services Manager (HMS) Julie Ludwig, and Nurse Kelly Feltz. *Id*., ¶¶ 2-4. Between September 2021 and April 2022, Farage went to the Health Services Unit six times

with complaints of severe abdominal pain and bloody stool. *Id*., ¶¶6-7. During that time, he was prescribed a stool softener but nothing else. *Id*.

On April 16, 2022, Farage collapsed at the institution and was transported to the local emergency room. *Id*., ¶8. ER doctors suspected an issue in the gastrointestinal (GI) tract and recommended a colonoscopy and endoscopy. *Id*., ¶9. Upon returning to the institution, Farage saw Dr. Murphy, who still refused to treat his severe abdominal pain and bloody stool. *Id*., ¶¶10-11. Instead, Dr. Murphy told Farage, "you should go to church and you might feel better," and ordered no other treatment. *Id*., ¶¶11 & 12. About a week later, on April 28, 2022, Farage filed a Health Services Request (HSR) requesting another appointment and complaining about Dr. Murphy's comment that "going to church" would help or cure his medical condition; Farage also complained about a copay issue. *Id*., ¶12. HMS Ludwig did not address the inappropriate treatment proposed by Dr. Murphy or schedule another appointment for Farage to be seen by someone else—instead, she stated that he had already been seen by a doctor and only addressed the copay issue. *Id*., ¶13.

A few months later, on June 26, 2022, Farage collapsed at the institution again and was again taken to the local emergency room, where Dr. Bope (not a defendant) noted that his condition was worsening and should be on Bentyl, a prescription pain relief medication. *Id*., ¶22. Dr. Murphy again ignored that recommendation, and ordered nothing else, leaving Farage with severe abdominal pain and bloody stools. *Id*. On June 28, 2022, Farage noticed an abnormal amount of blood in his stool and the toilet, along with severe abdominal pain. *Id*., ¶23. Nurse Feltz still deferred to Dr. Murphy's direction and refused to evaluate or treat him. *Id*., ¶24. For relief, Farage seeks monetary damages.

THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

3

Case 2:24-cv-00983-BHL   Filed 10/17/24   Page 3 of 7   Document 7

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state an Eighth Amendment deliberate indifference claim, Farage must allege that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Plaintiff must allege that Defendants' decision was "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)).

Farage alleges that he has severe abdominal pain, bloody stools, and has collapsed twice at the institution, all of which show an objectively serious medical condition. He alleges that, instead of addressing these medical issues or ordering treatment (either the treatment recommended by ER doctors or something else), Dr. Murphy told Plaintiff to "go to church and you might feel better." Dkt. No. 1, ¶¶11 & 12. HSM Ludwig and Nurse Feltz have followed Dr. Murphy's direction, and refused to provide any other medical care, even though "going to church" is an inappropriate or questionable response to a serious medical condition. *See Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) ("As an ethical matter, a nurse confronted with an 'inappropriate or questionable practice' should not simply defer to that practice, but rather has a professional obligation to the patient to 'take appropriate action,' whether by discussing the nurse's concerns with the treating physician or by contacting a responsible administrator or higher authority."). Based on these allegations, the Court can reasonably infer that Dr. Murphy, HSM Ludwig, and Nurse Feltz may

4

have been deliberately indifferent towards Farage's serious medical needs. Farage also asks to proceed on a state law medical malpractice/medical negligence claim, and the Court will take supplemental jurisdiction over those claims at this time because they involve the same operative facts such that they form part of the same case or controversy. *See* 28 U.S.C. §1367.

## Conclusion

The Court finds that Farage may proceed on an Eighth Amendment deliberate indifference claim, along with a supplemental state law medical malpractice/medical negligence claim, against Dr. Murphy, HSM Ludwig, and Nurse Feltz in connection with allegations that they failed to provide proper medical care for his severe pain and bloody stools at the Oshkosh Correctional Institution between September 2021 and June 2022.

**IT IS THEREFORE ORDERED** that Farage's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Farage's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Murphy, HSM Ludwig, and Nurse Feltz.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Murphy, HSM Ludwig, and Nurse Feltz shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Farage shall collect from his institution trust account the **$294.49** balance of the filing fee by collecting monthly payments from Farage's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments

shall be clearly identified by the case name and number assigned to this action. If Farage is transferred to another institution, the transferring institution shall forward a copy of this Order along with Farage's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Farage is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Farage is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on October 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge