UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE FARAGE,

                Plaintiff,

v.                                                         Case No. 24-cv-0983-bhl

PATRICK MURPHY et al.,

                Defendants.

## DECISION AND ORDER

      Plaintiff Kyle Farage, who is incarcerated at the Oshkosh Correctional Institution and representing himself, is proceeding on an Eighth Amendment medical care claim against Defendants Dr. Patrick Murphy and Health Services Supervisor Julie Ludwig based on allegations that they were deliberately indifferent to his complaints of severe abdominal pain and bloody stools. Defendants filed a motion for summary judgment on October 22, 2025. Dkt. No. 27. In a notice and order, the Court reminded Farage that under Civil L. R. 56(b)(2) his response materials were due November 21, 2025. Dkt. No. 33. The Court warned Farage that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor and the case being dismissed. The deadline has passed, and Farage has not responded to the motion.

      The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Farage's failure to respond, the Court concludes that Dr. Murphy reasonably responded to Farage's complaints about his medical condition by referring Farage to a

gastroenterologist for advanced diagnostic testing, prescribing him medications to address his pain and symptoms, and promptly following the recommendations of offsite providers. Accordingly, no jury could reasonably conclude that Dr. Murphy was deliberately indifferent to Farage's medical condition. *See Forbes v. Edgar*, 112 F.3d 262, 267 ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Dr. Murphy is therefore entitled to summary judgment.

Health Services Unit Manager Ludwig is also entitled to summary judgment because no jury could reasonably conclude that she was personally involved in the treatment of Farage's medical condition. The undisputed facts show that Ludwig acted solely in an administrative capacity both as the health services unit manager and as the reviewing authority on Farage's inmate complaints about Dr. Murphy. It has long been held that the doctrine of respondeat superior has no application in §1983 actions because "[o]nly persons who cause or participate in the violation are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Similarly, there mere act of ruling on an administrative complaint does not cause or contribute to a violation. *Id.*

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 27) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.